**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SALAM N. ABDO,

    Plaintiff,

vs.                 Case No. 3:11-cv-111-J-32-JRK

SALLIE MAE, INC.,

    Defendant.

## **ORDER**

This is a case alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, <u>et seq.</u>, presently before the Court on Plaintiff Salam Abdo's Appeal (Doc. 56) from the Magistrate Judge's Order (Doc. 51) denying plaintiff's motion to file a second amended complaint, and Defendant Sallie Mae's response to that appeal (Doc. 59). This case is also before the Court on Sallie Mae's Motion for Summary Judgment (Doc. 58), to which Abdo responded (Doc. 60, 61), and Sallie Mae replied (Doc. 70).

<u>I. Plaintiff's Rule 72 (a) Objections</u>

Rule 72(a) of the Federal Rules of Civil Procedure requires the district court to modify or set aside any part of a Magistrate Judge's order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court has carefully considered the objections and response, as well as the Magistrate Judge's Order denying Plaintiff Salam N. Abdo's ("Plaintiff") Motion to File Second Amended Complaint. The Magistrate Judge correctly identified case law governing resolution of the motion, leading to the Court's determination that Abdo was required to show good cause to amend his pleadings and to exercise the

requisite due diligence to warrant any modification of the Court's scheduling order, but failed to do so. The Magistrate Judge ultimately determined that Plaintiff's motion for leave to file a second amended complaint should be denied, and that decision is neither contrary to law nor clearly erroneous. Accordingly, plaintiff's Rule 72(a) Objections are overruled and the Magistrate Judge's Order is affirmed.

II. Defendant's Motion for Summary Judgment

Also pending before the Court is Defendant Sallie Mae's Motion for Summary Judgment (Doc. 58). Summary judgment is proper where the moving party shows there is no genuine issue of material fact and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). When reviewing the evidence to determine whether summary judgment is proper,

> [t]he evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 587, 106 S.Ct. 1348, L.Ed.2d 538 (1986). In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586, 106 S.Ct. 1348. The non-moving party must make a significant showing on each essential element of the case for which he has the burden of proof. Celotex, 477 U.S. at 322, 106 S.Ct. 2548.

Jackson v. Equifax Information Servs., LLC, 167 Fed. Appx. 144, 146 (11th Cir. 2006).

    A.    The FCRA Claim

This dispute arises from the repayment of Plaintiff's student loans. Plaintiff contacted Sallie Mae and attempted to have what he believed were inaccuracies on his credit report corrected. Sallie Mae, upon being notified of the disputed information, began an

investigation that ultimately led to it correcting three[1] erroneous reports and providing the new, accurate information to credit reporting agencies. Plaintiff's Amended Complaint (Doc. 29) alleges that Sallie Mae failed to conduct a reasonable investigation, failed to accurately report the results of the investigation, and failed to correct inaccurate information on his consumer credit report, in violation of 15 U.S.C. § 1681s-2(b).

Sallie Mae has not moved for summary judgment on substantive liability, but argues that plaintiff has failed to produce sufficient evidence of actual damages arising from the allegedly inaccurate information on his credit report.[2] "Failure to produce evidence of damage resulting from an FCRA violation mandates summary judgment." Nagle v. Experian Info. Solutions, 297 F.3d 1305, 1307 (11th Cir. 2002). The FCRA provides for damages for mental distress even where the plaintiff does not suffer out of pocket expenses. Brim v. Midland Credit Mgmt., Inc., 795 F. Supp. 2d 1255, 1260-61 (N.D. Ala. 2011).

Plaintiff contends that he has suffered actual damages as a result of Sallie Mae's FCRA violations and seeks damages and attorney's fees pursuant to 15 U.S.C. § 1681o. Specifically, Plaintiff claims that, due to Sallie Mae's violation of the FCRA, he has suffered

---

[1] Abdo explained that Sallie Mae corrected two errors stemming from its June 2011 reporting (Doc. 56 at 9 n.5), and another error in September 2011 (Doc. 56 at 14), and notified credit reporting agencies in accordance with FCRA procedures.

[2] The FCRA provides for statutory damages in the event of willful noncompliance. 15 U.S.C. § 1681n(a)(1)(A). However, Abdo has brought his claim for negligent non-compliance under § 1681o. (Doc. 29 at 3). In the event of negligent non-compliance, the FCRA only provides for actual damages, attorney's fees, and costs, not for statutory damages. § 1681o(a). Therefore, Abdo is not entitled to statutory damages. Nevertheless, Sallie Mae asserts that it previously made a Rule 68 offer of judgment for the maximum statutory damages allowable under § 1681n. (Doc. 58 at 8). However, Abdo did not accept that offer.

"continuing and multiple years of injury to [his] reputation and shame, embarrassment, humiliation, emotional distress, mental distress, mental anguish, and hurt feelings . . . ." (Doc. 60 at 4). Abdo's claims for emotional damages revolve around his claims that Sallie Mae's phone calls caused him stress and embarrassment, and submitted him to the mockery of others. (See Doc. 60). In his response to Sallie Mae's interrogatories, Abdo detailed how Sallie Mae has caused him distress, listing specific examples of the harm he has suffered. (Doc. 60 at 6-10). Abdo's brother-in-law also attests that Sallie Mae caused Abdo distress. (Doc. 61-2 at 2). This testimony is sufficient to create an issue of material fact as to whether Abdo suffered damages as a result of Sallie Mae's conduct.

B.   Equitable Accounting

"Under Florida law, a party that seeks an equitable accounting must show that: 1) the parties share a fiduciary relationship or that the questioned transactions are complex, and 2) a remedy at law is inadequate." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1071 (11th Cir. 2007). Here, plaintiff has not pleaded the existence of a fiduciary relationship,[3] offers nothing to suggest the transactions are complex other than his own uncertainty as to the status of his loans, and even conceded that, "Sallie Mae's December 17, 2012 affidavit resolves the issues concerning the present status of Plaintiff's creditor status with Sallie Mae." (Doc. 60 at 18).

---

[3] Even if Plaintiff had so contended, the Court finds insufficient evidence of such a relationship between Plaintiff and Sallie Mae. See Traditions Senior Management, Inc. v. United Health Adm'rs, Inc., 2013 WL 3285419, at *2, *3 (M.D.Fla. June 27, 2013)(explaining that the existence of fiduciary relationships depends on the specific factual situations, but that "[a] payment, series of payments, or a business relationship is not enough to create the trust and reliance necessary to form a fiduciary duty.").

"[T]he determination of whether a series of transactions is sufficiently complex to warrant equitable accounting is fact specific." Traditions Senior Partners, 2013 WL 3285419 at *5 (citing Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 694 F.Supp.2d 1275, 1281 (S.D.Fla. 2010)). Plaintiff's concession regarding the effect of Sallie Mae's December 17, 2012 affidavit likely eliminated the need for an equitable accounting. To the extent it did not, however, the Court finds the transactions at issue are not sufficiently complex to require the extraordinary remedy of equitable accounting. See Manashi v. Am. Home Mortg. Servicing, Inc., 2011 WL 4599816, at *3 (M.D.Fla. Oct. 4, 2011)(dismissing with prejudice plaintiff's claim for equitable accounting under the FCRA because "[t]he complaint alleges that 'the contract [ ] between Menashi and AHMSI involves extensive obligations and complex accounting.' The allegation enjoys no factual support in the complaint. Menashi challenges only a transfer of fifteen months' worth of HAMP modified mortgage payments from Menashi's mortgage payment history to an 'un-applied funds' account. The transaction is insufficiently complex to require the exceptional remedy of an equitable accounting.").

The only "proof" of complexity offered by Plaintiff is his contention that, if the transactions were not complex, Sallie Mae would conduct its business differently. (See Doc. 60 at 19). Abdo argues that, "[i]f Abdo's and Sallie Mae's transactions were not complex then there is no reason why Sallie Mae for at least the past couple of years, including after Abdo retained counsel to write to Sallie Mae in October 2010, should continue to misrepresent . . . that Abdo was delinquent, when he was not." (Doc. 60 at 19). This, however, does not rise to the level of "proof" required for Plaintiff to prevail on his equitable accounting claim. Without the allegation of a fiduciary relationship and with no proof of

5

complexity, there is no genuine issue of material fact, and the Court must grant summary judgment in favor of Sallie Mae.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Rule 72 Objections (Doc. 56) are **overruled**. The Magistrate Judge's Order (Doc. 51) is **AFFIRMED**.

2. Defendant's Motion for Summary Judgment (Doc. 58) is **DENIED** as to Count One and **GRANTED** as to Count Two.

3. The Court recognizes that counsel for the parties have made long-standing and herculean efforts to settle this case, and encourages the parties to continue to try to settle this dispute. Assuming, however, that settlement discussions are unavailing, the parties have until **July 31, 2014** to file a joint statement with proposed dates for final pre-trial conference and trial.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

counsel of record